**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VINCENT F. RIVERA,
D.O.C # 518548,**

    **Plaintiff,**

vs.                                **Case No. 4:19cv519-MW/CAS**

**SUPREME COURT OF FLORIDA,
FIRST DISTRICT COURT OF APPEAL,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated in the custody of the Florida Department of Corrections, has submitted a Pro se complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's in forma pauperis motion acknowledges that Plaintiff is subject to the "three strikes" rule of 28 U.S.C. § 1915(g). ECF No. 2 at 8. Thus, despite the fact that the in forma pauperis motion is technically incomplete because Plaintiff's inmate trust fund account statements do not show a full six month period of time prior to case initiation, it sufficiently demonstrates

that Plaintiff lacks funds with which to pay the filing fee for this case. Thus, Plaintiff's civil rights complaint, ECF No. 1, has been reviewed to determine if Plaintiff's motion for in forma pauperis status, ECF No. 2, should be granted. In particular, Plaintiff's complaint must allege that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff has not brought this action against any specific person located at a correctional institution with him. Rather, the only named Defendants are courts. ECF No. 1 at 1-3. Plaintiff is not at risk of harm from those Defendants.

Further, Plaintiff is complaining of injuries suffered because of court orders issued over the past 22 years. ECF No. 1 at 5. Plaintiff seeks injunctive relief from this Court which will enjoin the state courts of Florida from imposing or enforcing "no filings sanctions" on him. *Id.* Thus, it is apparent that Plaintiff is not seeking to use this case as a means to prevent future imminent harm but, rather, to rectify wrongful court rulings by various courts. *Id.* at 12-13. Accordingly, Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2, should be denied.

Plaintiff is a well-known litigator in this Court and has previously been denied *in forma pauperis* status because he has had more than three prior prisoner actions dismissed on the grounds that they were either frivolous,

malicious, or failed to state a claim.  *See, e.g.,* case # 4:06cv159, case # 4:00cv236; case # 4:97cv63, case # 4:97cv116, and case # 4:96cv126. Plaintiff is also well aware that he is not entitled to proceed without full prepayment of the court's filing fee.  *See* case # 4:01cv269-RH/WCS; case # 4:05cv34-WS/WCS; and case # 4:06cv159-RH/WCS.  Indeed, Plaintiff has been denied in forma pauperis status on multiple occasions and has been sanctioned for ignoring court orders which advised Plaintiff that he could not proceed without full prepayment of the filing fee.  Case # 4:00cv236, and case # 4:00cv235.  Because Plaintiff ignored those orders and has not demonstrated that the sanction has been paid, Plaintiff remains barred from filing future lawsuits until he has paid his judicial debt in full.  *See* ECF No. 41 of case # 4:05cv34-WS/WCS; *see also* case # 5:09cv74-RH/MD.

Because Plaintiff has had three prior cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim and his complaint, ECF No. 1, is insufficient to demonstrate that Plaintiff faces imminent danger of serious physical injury, Plaintiff is not entitled to in forma pauperis status.  28 U.S.C. § 1915(g).  Plaintiff's in forma pauperis motion, ECF No. 2, should be denied and this case dismissed.  Dismissal should be without prejudice to Plaintiff making the same allegations in a

complaint for which he pays the full $400.00 filing fee at the time he submits the complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED** without prejudice to Plaintiff's refiling an action if he simultaneously pays the filing fee and the previously assessed sanction issued by this Court.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.